```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

HEPZIBAH ALLEN,

                    Plaintiff,          18-cv-9663 (JGK)

     - against -               MEMORANDUM OPINION
                                             AND ORDER
CITY OF NEW YORK, ET AL.,

                    Defendants.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Hepzibah Allen, initially brought this action against the City of New York, the New York City Department of Education ("DOE"), and Richard Forman, the principal at the plaintiff's school, alleging federal, state, and local employment discrimination-related claims arising from alleged discrimination on account of the plaintiff's race. The defendants previously moved to dismiss the first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In a Memorandum Opinion and Order dated October 23, 2019, the Court granted the defendant's motion to dismiss without prejudice. See Allen v. City of N.Y., No. 18-cv-9663, 2019 WL 5450874 (S.D.N.Y. Oct. 23, 2019) ("Allen I").

    The plaintiff then filed a Second Amended Complaint ("SAC"). ECF No. 25. Presently before the Court is the defendants' motion to dismiss the SAC pursuant to Rule 12(b)(6). The applicable standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is set forth in Allen I. See Allen I,

1

2019 WL 5450874, at *1-2. For the reasons stated below, the SAC does not cure the flaws in the plaintiff's pleadings identified by the Court in Allen I and the SAC is dismissed with prejudice.

### I.

### A.

The allegations in the SAC are substantially similar to those in the FAC, which are described in greater detail in Allen I. See id. at *2-3. Familiarity with Allen I is presumed.

The plaintiff's claims in this case relate to alleged discriminatory employment actions taken by the DOE and the principal at the plaintiff's school, Richard Forman. In Allen I, this Court first dismissed the City of New York because the DOE is distinct from the City of New York, and the FAC alleged facts only against the DOE and Forman. The Court also dismissed all claims arising from conduct that occurred prior to December 1, 2017 because a December 1, 2017 stipulation entered into between the parties constituted an effective waiver of all claims arising from conduct that occurred prior to the stipulation. Id. at *3-4. The Court found that the plaintiff's discrimination claims brought under New York State and New York City law were procedurally defective. Id. at *7. On the merits of the plaintiff's Title VII discrimination claims, the Court found that the plaintiff had failed to allege that she had suffered an adverse employment action as necessary to sustain her claims for

unlawful discrimination or retaliation, and the Court found that the plaintiff had failed to allege the existence of a hostile work environment. Id. at *5-6.

**B.**

The allegations in the SAC, which are identical to the allegations in the FAC except for the following two additions, are accepted as true for purposes of this motion to dismiss.

First, the SAC newly alleges the "DEFENDANTS' PATTERN OR PRACTICE OF DISCRIMINATION." SAC ¶ 11. The plaintiff supports her allegations of the defendants' pattern or practice of discrimination by referring to DOE's "more than 130,000 full time employees," and to a separate action filed against the DOE, United States v. New York City Department of Education, No. 16-cv-4291 (S.D.N.Y.). SAC ¶¶ 12-16. The plaintiff attaches the complaint in United States v. New York City Department of Education as Exhibit A to the SAC.

Second, the SAC newly alleges that "[o]n or about October 23, 2019, one of the students . . . overheard Assistant Principal Vera Leykina, A Caucasian Female, . . . boisterously screaming in her office that she was sick and tired of Plaintiff talking about 'BLACK HISTORY' and yelled out how she needed a counselor to replace Plaintiff". SAC ¶ 52.

To the extent that any of the claims in the SAC are identical to those in the FAC, those claims are dismissed with

3

prejudice for the reasons explained in Allen I. As such, the Court will address only the new allegations in the SAC.

**II.**

**A.**

First, the plaintiff's allegations relating to the defendants' "pattern or practice of discrimination" do not cure the flaws in the FAC, namely that the plaintiff did not allege sufficiently a Title VII claim.

The Second Circuit Court of Appeals has noted that nonclass, private plaintiffs may not invoke the pattern or practice method of proof as an independent and distinct method to establish liability in Title VII disparate treatment actions. See Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 149-50 (2d Cir. 2012); see also Ray v. N.Y. State Ins. Fund, No. 16-cv-2895, 2018 WL 3475467, at *14 (S.D.N.Y. July 18, 2018). In Chin, the Court of Appeals noted that pattern or practice claims are limited to class action plaintiffs and to the government when enforcing Title VII under the government's statutory authority pursuant to 42 U.S.C. § 2000e-6. See Chin, 586 F.3d. at 147. Thus, to the extent that the individual plaintiff in this case seeks to invoke the pattern or practice method of proof, the plaintiff may not do so.

While a private non-class plaintiff may not invoke the pattern or practice method of proof in a Title VII case, an

4

individual plaintiff may raise evidence of an employer's pattern or practice of discrimination in order to demonstrate an employer's liability in an individual case. See Id. at 147 ("[E]vidence that the [defendant] engaged in a pattern or practice of discrimination—in the ordinary sense of those words, rather than in the technical sense describing a theory of liability for discrimination—remains relevant in assessing whether the plaintiffs proved discrimination using the individual disparate treatment and disparate impact methods of proof."). However, the reliance on such evidence does not relieve the plaintiff of her underlying burden under Title VII to establish all the elements of a claim. See id. at 149. In keeping with the Court's duty to interpret pro se filings "to raise the strongest arguments that they suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), the Court will construe the pro se plaintiff's broad citation to United States v. New York City Department of Education as an attempt to allege the defendants' pattern or practice of discrimination to raise an inference that the defendants had discriminatory intent with respect to the plaintiff.

The plaintiff's citation to United States v. New York City Department of Education does not cure the defects that were present in the FAC. To survive a motion to dismiss a Title VII

5

claim for discrimination, the individual plaintiff must allege "(1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a <u>minimal</u> burden of showing facts suggesting an inference of discriminatory motivation." <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original). The plaintiff still has not alleged that she suffered an adverse employment action, and her discrimination claims are dismissed for that reason. <u>See Allen I</u>, 2019 WL 5450874, at *5-6.

Moreover, the plaintiff does not supplement the single citation to <u>United States v. New York City Department of Education</u> with any explanation of how that case, in which the government is pursuing a pattern or practice <u>claim</u> on behalf of a group of employees, sheds light on the alleged discriminatory intent of the defendants in this action with respect to this plaintiff. Accordingly, the plaintiff's allegations that the defendants have engaged in a pattern or practice of discrimination do not plausibly allege facts "suggesting an inference of discriminatory motivation." <u>Littlejohn</u>, 795 F.3d at 311.

**B.**

Second, the plaintiff's allegation of the single October 23, 2019 statement by the Assistant Principal does not cure the flaws in the FAC.[1]

With respect to the plaintiff's discrimination claims, the new allegation about the October 23, 2019 statement does not cure a central problem with the FAC, namely the lack of any allegation that the plaintiff suffered an adverse employment action. See Allen I, 2019 WL 5450874, at *5. Further, the October 23, 2019 statement does not raise an inference of discriminatory motive. In analyzing whether remarks are probative of discriminatory animus, the Court assesses four factors: "(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010).

---

[1] Although the statement, as alleged, would seem to constitute hearsay, courts may consider hearsay statements on a motion to dismiss because the Court must accept as true all factual statements alleged in the complaint. See In re Palermo, No. 08-cv-7421, 2011 WL 446209, at *5 (S.D.N.Y. Feb. 7, 2011) (collecting cases).

7

With respect to the first factor, the plaintiff does not allege that Assistant Principal Vera Leykina was a decision-maker with respect to the plaintiff's employment or that decision-makers encouraged, or even knew about, Leykina's alleged statement. With respect to the second and fourth factors, the SAC contains no allegations connecting the statement to any employment decision or decision-making process. With respect to the third factor, the alleged remark is far less offensive than other remarks that have failed to raise an inference of discrimination. See Jowers v. Family Dollar Stores, Inc., No. 09-cv-2620, 2010 WL 3528978, at *1, *3 (S.D.N.Y. Aug. 16, 2010) (finding that a single allegedly discriminatory comment made eighteen days before termination was a stray remark insufficient to establish an inference of discrimination), aff'd, 455 F. App'x 100 (2d Cir. 2012). The alleged October 23, 2019 statement also does not sufficiently raise an inference of discrimination because there is no allegation how the remark was connected to any kind of action taken against the plaintiff. See Batiste v. City Univ. of New York, No. 16-cv-3358, 2017 WL 2912525, at *8 (S.D.N.Y. July 7, 2017) (finding that certain statements were "stray remarks" and insufficient to raise an inference of discriminatory motive where the plaintiff did not demonstrate how such comments affected or were related to termination decision).

The single October 23, 2019 hearsay statement is also insufficient to support the plaintiff's hostile work environment claim.

To state a claim for a hostile work environment, a plaintiff must show that the conduct "(1) is objectively severe or pervasive-that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected status]." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam) (quotation marks omitted). Without more, a single isolate remark does not rise to the level of a hostile work environment, unless it is unusually severe. See Allen I, 2019 WL 5450874, at *5.

The October 23, 2019 statement is the only newly alleged remark in the SAC. The plaintiff has failed to point to more than a single remark, which the plaintiff herself did not directly hear, and which is insufficient to avoid dismissal on a hostile work environment claim. See Batiste, 2017 WL 2912525, at *10 (finding no hostile work environment where the remark was not heard by the plaintiff). Nor does this alleged remark taken in conjunction with the plaintiff's September 26, 2017 conversation, which was alleged in the FAC in support of the hostile work environment claim dismissed in Allen I, rise to the

9

level of "objectively severe or pervasive" so as to "constitute an environment that a reasonable person would find hostile or abusive." See Allen I, 2019 WL 5450874, at *5.

Therefore, the SAC does not cure any of the problems with the plaintiff's pleadings identified by the Court when it dismissed the FAC, and the SAC is dismissed with prejudice.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendants' motion to dismiss is **granted** and the Second Amended Complaint **is dismissed with prejudice.** The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff. The Clerk is also directed to close all pending motions and to close this case. Chambers will mail a copy of this opinion to the plaintiff.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **July 27, 2020**

                                        _____/s/ John G. Koeltl_____
                                               **John G. Koeltl**
                                        **United States District Judge**